Qin Li (SBN 349218)
liqin@concordsage.com
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
Facsimile: (858) 437-9891

Attorneys for Plaintiff
Tikbooks Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIKBOOKS INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS'S SPORTS LLC<br>d/b/a Bearing Love<br><br>Defendant. | Case No. 2:26-cv-10083<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**17 U.S.C. §§ 106 AND 501**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TIKBOOKS INC. ("Tikbooks" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant CHRIS'S SPORTS LLC d/b/a Bearing Love ("Defendant"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement arising from Defendant's unauthorized copying, reproduction, public display, distribution, advertising, offer for

sale, and sale of a book incorporating protected expression copied from Plaintiff's registered cover artwork and text.

2. Plaintiff owns the copyrights in the original two-dimensional cover artwork (the "Cover Artwork") and original text (the "Book Text") for the work entitled 100000 Whys: Building the Ultimate Brain for Kids, registered with the United States Copyright Office under Registration Nos. VA0002490624 and TX0009604619, respectively (collectively, the "Copyrighted Works").

3. The Copyrighted Works constitute original expression created for and owned by Plaintiff and used in connection with Plaintiff's publication of educational children's books.

4. Defendant operates and/or controls an online storefront known as "Bearing Love" through TikTok Shop, through which Defendant markets and sells books to consumers in the United States, including consumers in California.

5. Through the Bearing Love storefront, Defendant has advertised, offered for sale, sold, and distributed a book entitled *Children's Encyclopedia [Why 100,000?] Extracurricular Reading for Primary School Students NoteBooks*. (the "Accused Work").

6. Defendant's listing for the Accused Work copies the dominant title treatment, color scheme, ornamental framing, space-themed elements, and overall visual organization of Plaintiff's Cover Artwork. The physical copy delivered in response to Plaintiff's test purchase reproduces Plaintiff's Cover Artwork even more

closely, while omitting Plaintiff's TIKBOOKS logo and making only minor textual and production changes.

7. The Accused Work also reproduces substantial portions of Plaintiff's Book Text. Corresponding interior pages repeat the same question headings, explanatory passages, informational text boxes, and textual sequence found in Plaintiff's authorized publication, together with closely corresponding illustrations and page layouts.

8. Defendant has commercially exploited the Accused Work through TikTok Shop and has caused copies of the Accused Work to be sold and shipped to consumers in the United States, including within this District.

9. Plaintiff therefore brings this action to stop Defendant's continuing infringement and to recover the relief available under the Copyright Act.

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

11. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed commercial activities toward California, including by operating an interactive TikTok Shop storefront through which California consumers can purchase the Accused Work.

12. Defendant has purposefully availed itself of the privilege of conducting

commercial transactions in California by advertising and offering the Accused Work for sale to California consumers, accepting orders for the Accused Work destined for California, receiving payment for such orders, and causing copies of the Accused Work to be shipped into California.

13. On August 18, 2026, Plaintiff placed a test order through Defendant's Bearing Love storefront for one copy of the Accused Work. Defendant accepted the order and caused the Accused Work to be shipped to 5556 Ontario Mills Pkwy, Ontario, California 91764, within the Central District of California.

14. That transaction was assigned TikTok Shop Order No. 577529989058695829. The shipment was assigned Tracking No. GFUS01068091652674 and was routed toward Ontario, California.

15. Plaintiff's claims arise out of and relate directly to Defendant's commercialization and distribution of the Accused Work, including Defendant's sale and shipment of the Accused Work into this District.

16. The exercise of personal jurisdiction over Defendant therefore comports with due process.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant may be found in this District for purposes of Plaintiff's copyright claims and has directed the infringing commercial activity giving rise to this action into this District.

18. Defendant's contacts with this District were not random, isolated, or

fortuitous. Defendant operated the Bearing Love Store as an ongoing commercial enterprise, accepted an order for the Accused Work directed to this District, and caused the Accused Work to be delivered here in the regular course of its online business.

## III. THE PARTIES

19. Plaintiff Tikbooks Inc. is a corporation organized and existing under the laws of the State of Georgia, with an address at 565 Washington Way, Cumming, Georgia 30040.

20. Tikbooks creates, publishes, markets, and sells educational books and related content for children.

21. Defendant CHRIS'S SPORTS LLC is, upon information and belief, a limited liability company conducting business in the United States.

22. Upon information and belief, Defendant maintains a business address at 1103 Jefferson Avenue, Oxford, Mississippi 38655.

23. Upon information and belief, Defendant owns, operates, controls, and/or conducts business through the TikTok Shop storefront known as "Bearing Love," Store ID 7496223443759434591 (the "Bearing Love Store").

24. The Bearing Love Store is used to advertise, offer for sale, sell, and distribute books to consumers in the United States.

## IV. FACTUAL ALLEGATIONS

**A. Plaintiff and the Copyrighted Works**

25. Tikbooks develops and publishes educational works for children, including works incorporating original text, illustrations, and graphic designs.

26. Among Plaintiff's original works are the Cover Artwork and Book Text for the children's educational book entitled *100000 Whys: Building the Ultimate Brain for Kids*.

27. The Copyrighted Works were created in 2025 and were first published in the United States on August 1, 2025.

28. On December 26, 2025, the United States Copyright Office registered the Cover Artwork under Registration No. VA0002490624.

29. On December 26, 2025, the United States Copyright Office registered the Book Text under Registration No. TX0009604619.

30. True and correct copies of the Copyright Office registration records for the Copyrighted Works are attached hereto as Exhibit A.

31. The Cover Artwork presents a distinctive dark-blue, space-themed design centered on the title "100000 WHYS," surrounded by ornamental gold elements, a rocket, celestial objects, a framed central cartoon illustration, and other decorative imagery.

32. The originality of the Copyrighted Works does not lie merely in the general idea of a children's science encyclopedia, the use of scientific questions, or

individual facts. It lies in Plaintiff's particular visual expression and in the original selection, wording, organization, and presentation of the Book Text.

33. Plaintiff's expressive choices include the typography, scale, and placement of the title; the selection and arrangement of the cover's decorative and illustrated elements; and the wording, sequence, headings, explanatory passages, informational text boxes, and other textual expression contained in the book.

**B. Defendant's Accused Work**

34. Defendant advertises and sells through the Bearing Love Store a children's book listed under the title *Children's Encyclopedia [Why 100,000?] Extracurricular Reading for Primary School Students NoteBooks*.

35. Defendant displays the Accused Work using a dark-blue cover featuring the dominant title "100000 WHYS," ornamental gold framing and flourishes, space-themed imagery, a rocket, and a central framed cartoon composition closely corresponding to the organization of Plaintiff's Cover Artwork.

36. As of the date Plaintiff preserved evidence of Defendant's TikTok listing, the product listing represented that approximately 4,100 units of the Accused Work had been sold.

37. The Bearing Love Store separately represented that the storefront had completed approximately 15,100 total sales.

38. These figures are based on Defendant's TikTok Shop storefront and product listing and are alleged according to the information displayed by Defendant's

storefront at the time Plaintiff preserved the evidence.

**C. Defendant's Copying of Plaintiff's Copyrighted Works**

39. The Accused Work copies protected expression embodied in both Plaintiff's Cover Artwork and Book Text.

40. Defendant did not merely adopt the general concept of a children's science encyclopedia. The Accused Work reproduces Plaintiff's particular cover design and substantial portions of Plaintiff's original written expression.

41. A side-by-side comparison demonstrates extensive corresponding expressive elements, including the following:

**1. Front Cover**

42. Plaintiff's Cover Artwork uses a dark-blue background and a distinctive centered composition built around the large gold title "100000 WHYS," framed by gold ornamental elements and surrounded by space-themed imagery.

43. The Cover Artwork also includes a rocket in the upper-right portion of the composition, a framed central cartoon scene, smaller decorative characters and objects, a red banner beneath the title, and a coordinated visual hierarchy extending from the title to the central illustration and lower decorative elements.

44. Defendant's listing image copies the dominant title treatment, color scheme, ornamental framework, rocket placement, central framed composition, and overall visual hierarchy of Plaintiff's Cover Artwork while substituting certain central characters. The physical copy delivered in response to Plaintiff's test order

reproduces Plaintiff's Cover Artwork virtually in full, while omitting Plaintiff's TIKBOOKS logo and making only minor textual and production changes.

**2. Back Cover and Spine**

45. Plaintiff's authorized publication uses a coordinated dark-blue back-cover design featuring the title "100000 WHYS," a central steam-locomotive illustration, ornamental framing, promotional text, Plaintiff's TIKBOOKS branding, creator credits, and an ISBN and barcode.

46. The back cover of the Accused Work reproduces the title treatment, central locomotive illustration, ornamental framing, promotional text, color scheme, and overall arrangement of Plaintiff's back-cover design.

47. The Accused Work omits Plaintiff's TIKBOOKS branding, ISBN and barcode, and creator and publishing credits from the back cover, but those omissions do not alter the substantial similarity of the remaining protected visual expression.

48. The Accused Work also uses a blank spine, whereas Plaintiff's authorized publication includes the title, series designation, author name, ornamental elements, and TIKBOOKS branding on the spine. This omission is another superficial difference and does not eliminate the copying appearing elsewhere in the Accused Work.

**3. Interior Text and Illustrations**

49. The Accused Work also reproduces substantial portions of Plaintiff's Book Text and presents them on closely corresponding interior pages.

50. Corresponding page spreads repeat the same question headings, explanatory paragraphs, informational text boxes, textual sequence, and page structure found in Plaintiff's authorized publication.

51. The corresponding pages also display closely matching character illustrations, decorative elements, colors, and relative placement, notwithstanding certain omissions, minor alterations, and differences in print quality.

52. These similarities are significant not because Plaintiff claims copyright protection in scientific facts, questions, or educational topics standing alone, but because Defendant reproduced Plaintiff's particular wording, visual expression, selection, coordination, and arrangement of those elements.

**4. Overall Copying**

53. The physical copy delivered through the Bearing Love Store reproduces Plaintiff's Cover Artwork in a virtually identical configuration and reproduces substantial portions of Plaintiff's Book Text.

54. The Accused Work repeats substantial portions of Plaintiff's Book Text verbatim or nearly verbatim, including corresponding headings, explanatory passages, and informational text boxes.

55. The Accused Work also uses substantially corresponding illustrations, decorative elements, and page layouts in connection with the copied text.

56. The principal differences consist of omitted branding and publishing information, a blank spine, minor textual or illustrated alterations, and inferior

printing and binding quality.

57. Those changes do not eliminate the substantial similarities in the protected cover artwork and written expression copied from Plaintiff's Copyrighted Works.

58. The extent of Defendant's copying is particularly apparent when Plaintiff's authorized publication and the Accused Work delivered through the Bearing Love Store are viewed side by side.

59. Representative side-by-side comparisons of Plaintiff's Copyrighted Works and the Accused Work are attached hereto as Exhibit B.

**D. Defendant's Commercial Exploitation of the Accused Work**

60. Defendant has used the copied Cover Artwork and Book Text to advertise and sell the Accused Work commercially through TikTok Shop.

61. Defendant's listing makes the Accused Work available for purchase by consumers in the United States, including consumers located in California.

62. On August 18, 2026, Plaintiff purchased one copy of the Accused Work from Defendant through the Bearing Love Store and directed delivery to an address within this District.

63. Defendant accepted Plaintiff's order. TikTok Shop assigned the transaction Order No. 577529989058695829.

64. The order designated 5556 Ontario Mills Pkwy, Ontario, California 91764 as the shipping destination.

65. Defendant thereafter caused a copy of the Accused Work to be placed into the distribution stream for shipment to Ontario, California. The shipment was assigned Tracking No. GFUS01068091652674.

66. Plaintiff has preserved evidence concerning Defendant's listing, the purchase transaction, shipment, delivery, and the physical copy of the Accused Work.

67. Defendant has never received authorization, permission, or a license from Plaintiff to reproduce, copy, adapt, display, distribute, advertise, sell, or otherwise exploit either of the Copyrighted Works.

**E. Substantial Similarity and Unauthorized Copying**

68. The similarities between the Copyrighted Works and the Accused Work concern Plaintiff's particular visual and written expression and are not limited to a book title, general educational concepts, scientific facts, themes, or scènes à faire.

69. Viewed individually and collectively, the similarities in cover design, typography, ornamental elements, textual wording, sequence, headings, illustrations, and page layout demonstrate substantial copying of Plaintiff's original expression.

70. Defendant's copying is not limited to isolated words, facts, or commonplace visual elements. The Accused Work reproduces substantial portions of Plaintiff's Book Text and the particular selection, coordination, and arrangement embodied in Plaintiff's Cover Artwork.

71. The Accused Work therefore copies protected expression embodied in Plaintiff's Copyrighted Works.

72. Defendant's reproduction, public display, distribution, and sale of the Accused Work were undertaken without Plaintiff's consent or authorization.

## V. FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

73. Plaintiff repeats and realleges paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff owns valid copyrights in the Copyrighted Works, including United States Copyright Registration Nos. VA0002490624 and TX0009604619.

75. Under 17 U.S.C. § 106, Plaintiff possesses the exclusive rights, among others, to reproduce the Copyrighted Works, prepare derivative works based upon them, distribute copies to the public, and publicly display the Copyrighted Works.

76. Defendant, without Plaintiff's authorization, has copied and reproduced protected expression from the Cover Artwork and Book Text in the Accused Work.

77. Defendant has further advertised, publicly displayed, offered for sale, sold, and distributed copies of the Accused Work incorporating Plaintiff's protected visual and written expression.

78. Defendant's conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106 and constitutes copyright infringement under 17 U.S.C. § 501.

79. Defendant's acts of infringement have caused and continue to cause injury to Plaintiff.

80. Defendant has received revenues, profits, and other commercial benefits attributable to its unauthorized exploitation of Plaintiff's copyrighted expression.

81. Plaintiff is entitled to recover its actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

82. Defendant's infringement is ongoing or threatens to continue unless restrained by this Court.

83. Plaintiff is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIKBOOKS INC. respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed Plaintiff's copyrights in the Copyrighted Works;

B. Preliminarily and permanently enjoining Defendant, and all persons acting in concert or participation with Defendant who receive actual notice of the injunction, from reproducing, copying, adapting, displaying, distributing, advertising, marketing, offering for sale, selling, or otherwise exploiting either of the Copyrighted Works or any work substantially similar thereto in protected expression;

C. Ordering Defendant to cease the manufacture, importation, distribution, advertising, offering for sale, and sale of the Accused Work incorporating Plaintiff's protected visual or written expression;

D. Awarding Plaintiff its actual damages and any profits of Defendant attributable to the infringement pursuant to 17 U.S.C. § 504(b);

E. Awarding Plaintiff prejudgment and post-judgment interest to the extent permitted by law;

F. Awarding Plaintiff its costs and such attorneys' fees as may be available under applicable law;

G. Granting such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 9, 2026 Respectfully submitted,

/s/ Qin Li
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
liqin@concordsage.com
*Attorney for Plaintiff*